UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA ELENA MERCADO, | Civil No. 21-13631 (KMW/AMD) |
| Plaintiff, | **ORDER** |
| v. | |
| TOYOTA FINANCIAL SERVICES, INC., et al., | |
| Defendants. | |

**WILLIAMS**, District Judge

This matter is before the Court on Plaintiff's, Maria Elena Mercado, Motion for Entry of Final Default Judgment [ECF No. 20] and Defendants', Toyota Financial Services, Inc. and Toyota Motor Corp.,[1] Opposition [ECF No. 21] thereto; and

THE COURT NOTING that this is not Plaintiff's first motion seeking default judgment. On November 1, 2021, Judge Bumb denied, without prejudice, a similar request. *See* Order, ECF No. 16. Judge Bumb explained:

> In order to obtain default judgment under FEDERAL RULE OF CIVIL PROCEDURE 55(b), a plaintiff must first secure an entry of default from the Clerk of the Court under Rule 55(a). *Allaham v. Naddaf*, 635 F. Appx. 32, 36 (3d Cir. 2015). Only after the Clerk of the Court has entered default may the plaintiff move for default judgment pursuant to Rule 55(b)(2). Fed. R. Civ. P. 55.

*Id*. Here again, Plaintiff's Motion seeks final default judgment prior to seeking an "entry of default" from the Clerk of the Court. Thus, this Court will again deny Plaintiff's Motion; and

THE COURT FURTHER NOTING that Defendants' counsel, who has entered an

---

[1] Counsel for Defendants provides that the Defendants' proper name is Toyota Motor Credit Corporation.

appearance to oppose this Motion, indicates that service of process was not properly effectuated.[2] First, Defendants argue that Plaintiff fails to show that the summons and complaint were delivered to Scott Cooke, Chief Financial Officer, or Mark S. Templin, Executive. Second, Plaintiff sent the summons and complaint by certified mail without also demonstrating that she attempted personal service and failed; and

THE COURT FINDING that it agrees that Plaintiff fails to demonstrate that she effectuated service pursuant to Federal Rule of Civil Procedure 4(h). First, Plaintiff fails to show that she delivered the summons and complaint to individuals identified in Rule 4(h)(1). *See* Fed. R. Civ. P. 4(h)(1)(B)(directing service of a complaint and summons by delivering the same to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."). Second, as argued by Defendants, Plaintiff has not complied with Rule 4(e)(1) – permitting service by following state law. *See* Fed. R. Civ. P. 4(h)(1)(A); Fed. R. Civ. P. 4(e)(1). New Jersey law does not authorize service by certified mail unless Plaintiff was unable to effectuate personal service. N.J.R. 4:4-3(a). Finally, Plaintiff has not indicated that she requested that Defendants waive service pursuant to Fed. R. Civ. P. 4(d)(1).[3]

IT IS this **15th** day of **March**, **2022**, hereby

**ORDERED** that Plaintiff's Motion for Entry of Final Default Judgment [ECF No. 20] is **DENIED without prejudice**; and it is further

**ORDERED** that the Court hereby extends the time for Plaintiff to effectuate service to

---

[2] Plaintiff must still effectuate personal service over Defendants despite counsel's entry of appearance and apparent notice to Defendants. *See Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993)(noting that "proper service is still a prerequisite of personal jurisdiction" and notice to a defendant does not cure defective service nor does an appearance for the limited purpose of objecting to service).

[3] While Defendants' counsel indicates that she has tried to "work with Plaintiff" regarding service, the Court does not know if this includes waiving service.

**April 8, 2022**. If Plaintiff experiences difficulties effectuating service, she must file a letter with the Court setting forth good cause for further extension of the April 8, 2022 deadline on or before **April 1, 2022**.

|  |  |
|---|---|
| At Camden, New Jersey | /s Karen M. Williams<br>KAREN M. WILLIAMS, U.S.D.J. |