**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

<table>
<tr><td>

MARIA ELENA MERCADO,

          Plaintiff,

   v.

TOYOTA FINANCIAL SERVICES,
INC., et al.,

          Defendants.

</td><td>

Civil No. 21-13631 (KMW/AMD)

**ORDER**

</td></tr>
</table>

**WILLIAMS**, District Judge

      This matter is before the Court on Plaintiff's, Maria Elena Mercado, third Motion for

Entry of Default Judgment [ECF No. 23] and Defendants', Toyota Financial Services, Inc. and

Toyota Motor Corp.,[1] Opposition [ECF No. 24] thereto; and

      THE COURT NOTING on November 1, 2021, Judge Bumb denied, without prejudice, a

similar request. *See* Order, ECF No. 16. Judge Bumb explained:

> In order to obtain default judgment under FEDERAL RULE OF CIVIL
> PROCEDURE 55(b), a plaintiff must first secure an entry of default from the Clerk
> of the Court under Rule 55(a). *Allaham v. Naddaf*, 635 F. Appx. 32, 36 (3d Cir.
> 2015). Only after the Clerk of the Court has entered default may the plaintiff move
> for default judgment pursuant to Rule 55(b)(2). Fed. R. Civ. P. 55.

*Id*. On March 15, 2022, this Court denied Plaintiff's second motion for the same reasons. *See*

Order, ECF No. 22, Mar. 15, 2022. The Court also provided Plaintiff with more time to serve

Defendants. Here again, Plaintiff's Motion seeks final default judgment prior to seeking an

"entry of default" from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a). Thus, this Court

---

[1] Counsel for Defendants notes that the Defendants' proper name is Toyota Motor Credit Corporation.

will again deny Plaintiff's Motion; and

THE COURT FURTHER NOTING that in the brief opposing this Motion, Defendants' counsel, who entered an appearance to oppose the second motion and this Motion, reiterates that Defendants have not been properly served.[2]  The opposing brief also invites the Court to dismiss Plaintiff's Complaint due to the failure to effectuate service within the required time. Defendants contend that instead of effectuating service within the enlarged deadline provided by the Court, Plaintiff simply filed yet another Motion seeking default judgment; and

THE COURT FINDING that it adopts the rationale outlined in its March 15, 2022 Order, Plaintiff is not entitled to default judgment and has not established that she properly served Defendants pursuant to Federal Rule of Civil Procedure 4(h).[3] Moreover, despite the Court's Order enlarging the time for service, Plaintiff again seeks default judgment without presenting any new information regarding service. However, because Plaintiff is a *pro se* litigant, the Court will provide Plaintiff one final opportunity to demonstrate that she has properly served Defendants and, thus, will again extend the time for service. The Court urges Plaintiff to read the Rules of this Court governing service or seek legal counsel for guidance as the Court will not

---

[2] Plaintiff must still effectuate personal service over Defendants despite counsel's entry of appearance and apparent notice to Defendants. *See Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993)(noting that "proper service is still a prerequisite of personal jurisdiction" and notice to a defendant does not cure defective service nor does an appearance for the limited purpose of objecting to service).

[3] In that Order, the Court stated, in pertinent part:

Plaintiff fails to show that she delivered the summons and complaint to individuals identified in Rule 4(h)(1). *See* Fed. R. Civ. P. 4(h)(1)(B)(directing service of a complaint and summons by delivering the same to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.") . . . Plaintiff has not complied with Rule 4(e)(1) – permitting service by following state law. *See* Fed. R. Civ. P. 4(h)(1)(A); Fed. R. Civ. P. 4(e)(1). New Jersey law does not authorize service by certified mail unless Plaintiff was unable to effectuate personal service. N.J.R. 4:4-3(a). Finally, Plaintiff has not indicated that she requested that Defendants waive service pursuant to Fed. R. Civ. P. 4(d)(1).

Order, 2.

enlarge this deadline a third time absent a showing of good cause.

IT IS this **9th** day of **June**, **2022**, hereby

**ORDERED** that Plaintiff's Motion for Entry of Final Default Judgment [ECF No. 23] is

**DENIED without prejudice**; and it is further

**ORDERED** that the Court hereby extends the time for Plaintiff to effectuate service to

**July 8, 2022**.


/s Karen M. Williams
At Camden, New Jersey                  KAREN M. WILLIAMS, U.S.D.J.

3