**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARIA ELENA MERCADO,<br><br>    Plaintiff,<br><br>v.<br><br>TOYOTA FINANCIAL SERVICES INC., *et al.*,<br><br>    Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br><br>No. 21-13631 (KMW-EAP)<br><br>**MEMORANDUM OPINION AND ORDER** |

**Maria Elena Mercado,** *pro se*[1]
713 Chelton Avenue
Camden, NJ 08104

**Adria Marie Lamba, Esquire**
Holland & Knight, LLP
2929 Arch Street, Suite 800
Philadelphia, PA 19104
*Counsel for Defendant Toyota Motor Credit Corporation*[2]

**WILLIAMS, District Judge:**

This matter comes before the Court by way of Defendant Toyota Motor Credit Corporation's ("Defendant") Motion to Dismiss or, in the alternative, to Compel Arbitration ("Defendant's Motion") and Plaintiff Maria Elena Mercado's ("Plaintiff") "Certification of Proof

---

[1] In the instant matter, the Court notes that an individual by the name of Martin Diaz ("Mr. Diaz") has entered various filings on the docket, purportedly on behalf of Plaintiff Maria Elena Mercado ("Plaintiff"). Mr. Diaz is neither a party to this case nor identified as counsel of record. While an individual may represent himself or herself *pro se* as Plaintiff does in the instant case, *see* 28 U.S.C. § 1654, that right does not permit a non-attorney litigant to represent others. *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that a non-attorney parent could not proceed *pro se* on behalf of his children in federal court); *Ibrahim v. Dep't of State USCIS*, No. 18-4164, 2018 WL 4698871, at *1 (E.D. Pa. Sept. 28, 2018) (finding husband could not represent his wife or raise claims on her behalf). Thus, the Court does not consider any filings entered in this case by Mr. Diaz.

[2] Defense counsel states that Defendant Toyota Motor Credit Corporation is improperly named "Toyota Motor Corp." and "Toyota Financial Services Inc." (ECF No. 59-1 at 1).

and Motion for Default Judgment," ("Plaintiff's Motion") which Defendant opposes.[3] For the reasons that follow, both parties' Motions are **DENIED**. The Court grants Plaintiff a thirty-day extension to properly serve Defendant.

1) On June 12, 2020, Plaintiff entered into a retail installment sales contract (the "Contract") with Defendant for the purchase of a Toyota Camry (the "Vehicle"). (ECF No. 59-2). Pursuant to the Contract, Plaintiff agreed to make payments on the Vehicle in the amount of $699.44 per month. (*Id.*) On May 6, 2021, Defendant[4] sent a letter to Plaintiff (the "May 6 Letter"), informing her that it had received "payoff documents" and a "claim to satisfy [her] financial obligation" but that those documents were "not a valid form of payment" and the legal theory espoused by Plaintiff in the documents she submitted was considered to be "fraudulent" and not recognized by courts in the United States. (ECF No. 60-2). The May 6 Letter advised Plaintiff that failure to keep her account current would result in Defendant taking actions necessary to protect its interests. (*Id.*) On May 13, 2021, Defendant sent Plaintiff a notice informing her she was in default of the Contract, had two monthly payments that were past due, and she was required to submit $1,468.26 to cure the default (the "May 12 Letter"). (ECF No. 60-3). The May 12 Letter advised Plaintiff that if she did not correct the default, Defendant could exercise its legal rights against Plaintiff. (*Id.*) The letter further advised Plaintiff that if she submitted payment that was less than $1,468.26, Defendant may choose to keep that payment and have the right to "retake possession of the vehicle." (*Id.*) The record before this Court does not indicate whether Plaintiff responded to either of Defendant's letters or attempted to remit

---

[3] While Plaintiff did not file a formal opposition to Defendant's Motion, Plaintiff names her filing, in part, "Certification of Proof" and attaches various certified mail receipts, mail tracking histories, and notices from sheriff offices indicating reasons they were not able to satisfy Plaintiff's request for service of process. (ECF No. 60-8).

[4] "Toyota Financial Services," which stipulates to be a "service mark of [Defendant]" sent the letter to Plaintiff. (ECF No. 60-2).

2

payment to cure the default. On an unspecified date, the Vehicle was repossessed. (ECF No. 1 at 8).

2)    On July 13, 2021, Plaintiff filed her Complaint in this action.[5] (*See generally* ECF No. 1). In liberally construing the Complaint, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it appears Plaintiff alleges Defendant "defrauded" her and "misappropriated funds . . . by disguising the security as a purchase agreement . . . and disseminat[ing] false and misleading securities to . . . investors." (ECF No. 1 at 3). Plaintiff alleges that the fraud and misappropriation "is evidenced by the fact that [the Contract] wasn't signed by a notary." (*Id.*) Furthermore, Plaintiff alleges that Defendant "has repossessed . . . [her] property and stolen her [p]roperty for [a]lleged non-payment." (*Id.* at 8). Plaintiff alleges securities fraud, in violation of 15 U.S.C. § 78j(b), and cites the Internal Revenue Code, 26 U.S.C. § 674, and various statutes under New Jersey's version of the Uniform Commercial Code (the "UCC"), N.J. Stat. Ann. 12A:2-101 to -12-26. (*See generally* ECF No. 1).

3)    No summons was issued following the initial filing of Plaintiff's Complaint. On August 3, 2021, the Honorable Renée Marie Bumb, U.S.D.J. issued an order of withdrawal of the Complaint because Plaintiff failed to pay the filing fee or submit an application to proceed *in forma pauperis*. (ECF No. 6). On September 22, 2021, Plaintiff paid the filing fee, the Complaint was reinstated, and the Clerk of Court issued a summons for Toyota Financial Services Inc. and Toyota Motor Corp. (ECF Nos. 9, 10). Plaintiff first attempted to serve Toyota Motor Credit Corp. and Toyota Financial Services, Inc. via certified mail and listed her name as the "server"

---

[5] The Court notes the Complaint is largely devoid of factual allegations and is a compilation of federal and state statutes.

on the returns of service.[6] (ECF No. 11). On October 27, 2021, Plaintiff filed her first motion for default judgment, which Defendant opposed. (ECF Nos. 12, 15). Judge Bumb issued a November 1, 2021 order dismissing without prejudice Plaintiff's motion for default judgment as premature because Plaintiff had not secured entry of default from the Clerk of Court (ECF No. 16). Plaintiff then filed an affidavit and attached the same documents she filed previously with the Court demonstrating her first attempt to serve Defendant via certified mail. (ECF No. 18).

4) Thereafter, in January 2022 and April 2022, Plaintiff filed two additional motions for default judgment (ECF Nos. 20, 23), which Defendant opposed (ECF Nos. 21, 24). In March 2022 and June 2022, the Court issued orders denying each of Plaintiff's motions for default judgment without prejudice, noting that Plaintiff failed to effectuate service pursuant to Federal Rule of Civil Procedure 4(h) and extending the time for Plaintiff to serve Defendant.[7] (ECF Nos. 22, 26). In August 2022, Defendant filed its first motion to dismiss for failure to timely effectuate service (the "First Motion to Dismiss"), which Plaintiff did not oppose.[8] (ECF No. 32). In October 2022, Plaintiff then filed her fourth motion for default judgment (ECF No. 40), which Defendant opposed. (ECF No. 42). On February 22, 2023, this Court held oral argument and denied Defendant's August 2022 motion to dismiss and Plaintiff's October 2022 motion for default judgment. (ECF No. 55). During oral argument, the Court explained to Plaintiff that service, to date, was insufficient and granted Plaintiff a third opportunity to effectuate service on

---

[6] It is unclear from Plaintiff's filing whether she included a copy of the Complaint with the summons. (*See* ECF No. 11).

[7] The Court's March 2022 Order extended the time to effectuate service to April 8, 2022, and required that Plaintiff set forth good cause if she required a further extension of the April 8 deadline. (ECF No. 22). Plaintiff did not file a letter demonstrating good cause for failure to effectuate service. Instead, she filed a motion for default judgment and a letter requesting entry of default. (ECF Nos. 23, 25).

[8] The Court notes Defendant filed a motion to dismiss with its opposition to Defendant's April 2022 motion for default judgment. (ECF No. 24). For ease of reference in its recitation of the facts, the Court considers Defendant's August 2022 filing as the first motion to dismiss.

4

Defendant. (*Id.*) Pursuant to this Court's directive during oral argument, Defendant provided Plaintiff with the name and address of its registered agent and Plaintiff again attempted to effectuate service. (ECF Nos. 57, 58). On March 21, 2023, Defendant received Plaintiff's July 12, 2021 Complaint. (ECF No. 58). Thereafter, the parties filed the instant Motions. (ECF Nos. 59, 60).

5) "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. '[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'" *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (alteration in original) (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)). When a plaintiff fails to serve a defendant with a summons and complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure, the action may be dismissed under Rule 12(b)(2) for lack of personal jurisdiction or under Rule 12(b)(5) for insufficient service of process. *See Mathies v. Silver*, 266 F. App'x 138, 140 (3d Cir. 2008); *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 194 (3d Cir. 1998). Plaintiff, the party responsible for effecting service, has the burden to demonstrate the validity of service. *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

6) As Defendant is a corporation,[9] the Court evaluates service of process under the applicable federal and state rules for a corporation. Under Federal Rule of Civil Procedure 4(h)(1), a domestic or foreign corporation, partnership, or other unincorporated association, when served in the United States, must be served either (1) "in the manner prescribed by Rule 4(e)(1) for serving an individual" or (2) "by delivering a copy of the summons and of the

---

[9] Defendant confirms its status as a corporate entity by way of its corporate disclosure statement on the docket. (ECF No. 14).

complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A), (B); *see Williams v. N.J. Transit Rail Operation*, No. 17-1407, 2018 WL 989123, at *2 (D.N.J. Feb. 20, 2018).

7) Here, it appears Plaintiff delivered a copy of the summons and Complaint by certified mail, as the record contains a copy of the return receipt card indicating delivery on March 21, 2023. However, service by mail, alone, is insufficient to effectuate service in accordance with Rule 4(h). *See Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d. 598, 602 (D.N.J. 2003). The rule also requires personal delivery of a copy of the summons and complaint to an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). The record does not indicate an officer, managing or general agent, or any other agent of Defendant that is authorized to receive service of process received the summons and Complaint by way of personal delivery. Accordingly, Plaintiff's service by mail was ineffective service upon Defendant under Rule 4(h)(1).

8) In addition to personal service upon an officer or agent, Rule 4(h) allows a party to serve a corporation by effecting service in a manner prescribed by Federal Rule of Civil Procedure 4(e)(1). *See Mettle*, 279 F. Supp. 2d. at 602. Rule 4(e)(1) outlines service requirements upon an individual. The rule requires effecting service pursuant to the law "in the state where the district court is located or where service is made," both of which in this case are New Jersey. Accordingly, New Jersey law governs service via mailing in the instant action. Fed. R. Civ. P. 4(e). Under New Jersey Court Rule 4:4-4(a)(6), service upon a corporation may be performed by

personal service upon "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof." The New Jersey Rules of Court further provide for service upon a corporation outside of the state by mail, "[i]f it appears by affidavit . . . that despite diligent effort and inquiry personal service cannot be made . . . ." New Jersey Court Rule 4:4-4(b)(1). As explained above, Plaintiff delivered a copy of the summons and Complaint to Defendant by certified mail. Plaintiff does not provide evidence of personal service on any officer or agent of Defendant, or the submission of an affidavit of diligent effort, as required for effective service of a corporation under the New Jersey Court Rules. New Jersey Court Rule 4:4-4(a)(6), (b)(1). Accordingly, Plaintiff has failed to meet the service requirements under the New Jersey Court Rules and, consequently, Federal Rule of Civil Procedure 4(h).

9) Notwithstanding the requirements for completing service of process, Federal Rule of Civil Procedure 4(m) provides a time limit for effectuating service. Rule 4(m) requires service of process within 90 days of the filing of the complaint, unless the plaintiff "shows good cause for the failure" and the court "extend[s] the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Here, Plaintiff has failed to complete service of process on Defendant within 90 days of the filing of the Complaint. Plaintiff initially filed the Complaint on July 13, 2021, however, the Complaint was not accepted by the Court at that time because Plaintiff had not paid the requisite filing fee. The Complaint was reinstated on September 22, 2021 upon Plaintiff paying the filing fee. Defendant's registered agent received a copy of the summons and Complaint by certified mail on March 21, 2023, approximately 546 days after the Complaint was reinstated. The Court granted Plaintiff additional time to properly effectuate service on

Defendant on at least three occasions. Plaintiff does not clearly dispute that she failed to properly serve Defendant within the extended time period permitted by the Court. Rather, as previously noted, Plaintiff presents to the Court various certified mail receipts, mail tracking histories, and notices from sheriff offices indicating reasons those offices were not able to satisfy Plaintiff's request for service of process. (ECF No. 60-8).

10) The Court must conduct a two-part analysis in determining whether to extend time under Rule 4(m). *Davis v. Samuels*, 962 F.3d 105, 116 (3d Cir. 2020). First, the Court determines "whether good cause exists for a plaintiff's failure to effect timely service." (*Id.*) Second, if good cause exists, the Court must grant an extension of time to serve process. (*Id.*) If good cause does not exist, the Court must consider, in its discretion, whether it should grant an extension of time. (*Id.*)

11) In determining whether good cause exists for extending time for Plaintiff to serve process, the Third Circuit equates "good cause" under Rule 4(m) with "excusable neglect" under Rule 6(b), which requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Sunoco v. Mid-Atl. Region Retailer Compliance Ctr.*, No. 10-4941, 2011 WL 4810915, at *3 (D.N.J. Oct. 7, 2011) (quoting *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)). A finding of good cause is generally based on the plaintiff's reason for delay. *Witasick v. Estes*, No. 11-3895, 2012 WL 3075988, at *2 (D.N.J. July 30, 2012). In determining whether good cause exists, the Court may consider the "(1) reasonableness of plaintiff's efforts to serve[,] (2) prejudice to the defendant by lack of timely service[,] and (3) whether plaintiff moved for an enlargement of time to serve." *MCI Telecomm. Corp.*, 71 F.3d at 1097. The "good cause" requirement of Rule 4(m) protects "diligent plaintiffs who, though

8

making every effort to comply with the dictates of the rule, nonetheless exceed [the limit for service of process]." *Green v. Humphrey Elevator & Truck Co.*, 816 F.2d 877, 880 (3d Cir. 1987).

12) Here, the Court does not find good cause to extend time to complete service of process. Plaintiff fails to provide any reasonable basis for failing to timely serve Defendant. The Court has granted Plaintiff multiple extensions to properly effectuate service on Defendant, (*see* ECF Nos. 22, 26, 55), and has urged Plaintiff to read the Rules of this Court governing service or seek legal counsel for guidance. (ECF No. 26). Moreover, pursuant to the February 22, 2023 hearing, Defendant provided Plaintiff with the address of its registered agent. (ECF No. 57). However, Plaintiff, at this juncture, still has not properly served Defendant. Plaintiff mailed a copy of the summons and Complaint to the registered agent by certified mail but has not effectuated personal service on any officer or agent of Defendant. Although Plaintiff is *pro se*, failure to read or understand the Federal Rules of Civil Procedure is not a reasonable basis for failure to effect timely and adequate service of process. *See Sykes v. Blockbuster Video*, 205 F. App'x 961, 963 (3d Cir. 2006) (affirming district court's holding that a *pro se* plaintiff's "ignorance of the rules would not provide good cause to excuse his failure to serve the defendants within the time allotted under the rules"). In light of these circumstances, the Court does not find any basis to conclude that good cause warrants an extension of time to serve process.

13) Despite the lack of good cause to extend time for Plaintiff to complete service of process, the Court, in its discretion, grants Plaintiff an extension of time to serve process. In deciding whether to grant a discretionary extension of time, the Court may consider "actual notice of the legal action[,] prejudice to the defendant[,] the statute of limitations on the

underlying causes of action[,] the conduct of the defendant[,] and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint." *Chiang v. U.S. Small Bus. Administration*, 331 F. App'x 113, 116 (3d Cir. 2009). Here, Defendant concedes it received a copy of the Complaint on March 21, 2023 and does not assert that it is precluded from defending the case on the merits at this time. In fact, Defendant filed a motion to compel arbitration in the alternative to its Motion to Dismiss Plaintiff's Complaint. In its motion papers, Defendant does not address whether a discretionary extension is warranted and does not cite any prejudice that would arise from a further extension of time.

14) Moreover, in liberally construing the Complaint, the Court gleans two sets of statutes of limitations that could possibly apply to Plaintiff's causes of action – a statute of limitations for Plaintiff's securities fraud claim and a statute of limitations for Plaintiff's UCC-based claims. A complaint alleging "fraud, deceit, manipulation, or contrivance" under the Securities Exchange Act of 1934 (the "Securities Exchange Act") "may be brought not later than the earlier of . . . 2 years after the discovery of the facts constituting the violation; or . . . 5 years after such violation." 28 U.S.C. § 1658(b). In New Jersey, a four-year statute of limitations applies if a contract is governed by the UCC. *See* N.J. Stat. Ann. 12A:2-725; *Riachi v. Prometheus Grp.*, 822 F. App'x 138, 143 (3d Cir. 2020). At this time, there are limited facts in the record which constrain the Court from making a determination as to whether or not Plaintiff satisfies the statute of limitations for her securities fraud and UCC claims and, accordingly, whether dismissing her Complaint would bar her from bringing forth her claims against Defendant in another suit. Nonetheless, in considering the remaining factors under *Chiang*, the Court finds that a discretionary extension for service is appropriate.

15)   As Plaintiff has failed to effectuate proper service of the summons and Complaint on Defendant, the Court does not, in this instance, address Defendant's alternative argument with respect to compelling arbitration.

16)   Finally, the Court denies Plaintiff's Motion for Default Judgment and, as it has done before (ECF Nos. 22, 26), adopts the rationale outlined in Judge Bumb's November 1, 2021 Order.[10]

## ORDER

IT IS this 27th day of November, 2023, hereby

**ORDERED** that Defendant's Motion to Dismiss or, alternatively to compel arbitration [ECF No. 59] is **DENIED** without prejudice; and it is further

**ORDERED** that Plaintiff's "Certification of Proof and Motion for Default Judgment" [ECF No. 60] is **DENIED** without prejudice; and it is further

**ORDERED** that Plaintiff shall properly serve Defendant by **December 27, 2023**.

KAREN M. WILLI
U.S. DISTRICT COURT JUDGE

---

[10] In the November 1, 2021 Order, Judge Bumb explained:

> In order to obtain default judgment under FEDERAL RULE OF CIVIL PROCEDURE 55(b), a plaintiff must first secure an entry of default from the Clerk of the Court under Rule 55(a). *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015). Only after the Clerk of the Court has entered default may the plaintiff move for default judgment pursuant to Rule 55(b)(2). FED. R. CIV. P. 55.

(*See* Order, ECF No. 16).